UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLEY JAMES CORNILLE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:19-CV-0271-GCS |
| KEVIN POPIT, | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

Plaintiff Bradley James Cornille, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Menard Correctional Center ("Menard"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 (Docs. 1-1, 5-3).[1] According to the Complaint, Plaintiff alleges that Defendant Popit as a public defender "violated the Plaintiff's constitutional rights to a lawyer & effective assistance of a lawyer as well as fair court proceedings by said lawyer from March 5, 18 - August 30, 18 violating Plaintiff's 6th Amendment. After a motion was filed calling Kevin Popit out as ineffective assistance

---

[1] Originally on January 3, 2019, Plaintiff filed his 42 U.S.C. § 1983 suit against Popit in the Franklin County, Illinois Circuit Court. On March 6, 2019, Popit removed the case to this Court (Docs. 1). Thereafter, the case was assigned to District Judge Staci M. Yandle (Doc. 2). On December 16, 2019, after all parties consented to the undersigned judge, Judge Yandle referred the case to the undersigned judge for all further proceedings (Doc. 17).

of counsel, he was removed. Reckless indifference." (Docs. 1-1, 5-3). Plaintiff seeks monetary damages.

This case is now before the Court for a preliminary review of the Complaint (Docs. 1-1, 5-3) pursuant to 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from suit.

Here, the Court finds that Plaintiff's case fails to state a claim against Popit, thus, his complaint must be dismissed. In *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under 42 U.S.C. § 1983 for legal malpractice, because such an attorney does not act "under color of state law." *Id.* at 324-325. *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). Based on the allegations contained in the complaint, Popit cannot maintain a 42 U.S.C. § 1983 action against Popit.

Accordingly, the Court, pursuant to 28 U.S.C. 1915A(b)(1), **DISMISSES with prejudice** Cornille's complaint against Popit. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

    **IT IS SO ORDERDED**.

    Date:  December 19, 2019.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2019.12.19 09:33:49 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**